UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEON MAROTZ,<br><br>  Plaintiff(s),<br><br>  v.<br><br>CITY OF SAN FRANCISCO ET AL,<br><br>  Defendant(s). | No. C-13-01677 DMR<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [DOCKET NOS. 26, 58, 59]; DENYING MOTION TO RESCIND CONSENT [DOCKET NO. 70]; AND DENYING MOTION FOR SUMMARY JUDGMENT [DOCKET NO. 71]** |

Several motions are before the court: (1) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) brought by Defendant City of San Francisco ("the City") ["City MTD," Docket No. 26]; (2) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) brought by Defendants San Francisco Sheriff Michael Hennessey and San Francisco Police Officers Kelly Paul, Manfreda,[1] Buckley, Lucas, DiBernardi, #1602, and Greety ["Hennessey MTD," Docket No. 58]; and (3) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) brought by Defendants Greg Suhr,[2] Robert O'Sullivan, and Ellen Brin ["Suhr MTD," Docket No. 59]. Also before the court are Plaintiff William Leon Marotz's motion to rescind his consent to proceed before a magistrate judge and motion for summary judgment. [Docket Nos. 70, 71.]

---

[1] The court lists Defendants as they are listed in the caption of this case. Plaintiff has not identified all individual Defendants by their full names.

[2] Defendant Suhr was apparently erroneously sued as "Greg Surh."

For the reasons stated below, Defendants' motions are granted and Plaintiff's motions are denied.[3]

## I. BACKGROUND

### A. Procedural History

On March 4, 2013, Plaintiff William Marotz, who is proceeding *pro se*, filed a complaint in state court against the City, the San Francisco Police Department ("SFPD"), and fourteen individual police officers, sheriff's deputies, and county clerks alleging civil rights violations and misconduct. *See* Am. Compl. [Docket No. 24]. The complaint was served on the City, which filed an answer on April 4, 2013 and removed the case to federal court. Plaintiff subsequently amended his complaint and served the Amended Complaint on the City on September 4, 2013.

The City filed its motion to dismiss on September 18, 2013, arguing that the Amended Complaint should be dismissed in its entirety against all Defendants. Plaintiff did not timely respond to the motion, and this court issued an order to show cause. [Docket No. 32.] Plaintiff responded, and the City's motion was fully briefed on October 22, 2013. The court then issued a second order to show cause, noting that the individual Defendants, the SFPD, and the San Francisco Sheriff's Department had not been properly served, and requiring Plaintiff to explain why the case should not

---

[3] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff consented but has not served all the defendants, and all defendants who have been served have consented, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

Plaintiff has moved the court to rescind his consent. [Docket No. 70.] "Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'" *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (quoting what is now 28 U.S.C. § 636(c)(4)); Fed. R. Civ. P. 73(b). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Id.* The only rationale Plaintiff offers for rescinding consent is that "[t]he desire for justice overides [sic] any and all disappointments that plaintiff does experience. Plaintiff acknowledges his weaknesses in this field of endeavor and all officers of the court patience with my shortcomings." As such, Plaintiff has failed to demonstrate good cause or extraordinary circumstances for vacating the reference to this court, and his motion to rescind his consent to magistrate jurisdiction is **denied**.

2

be dismissed against certain Defendants for failure to timely serve. [Docket No. 40.] Plaintiff responded that his failure to properly serve was the result of his "deteriorated emotional health, naivete, and inexperience, and not [] lack of respect or effort," and moved the court for additional time to serve. [Docket No. 43.] The court granted Plaintiff additional time, until January 10, 2014, to serve those Defendants. [Docket No. 50.] Subsequently, Plaintiff attempted to effectuate proper service. *See* Docket Nos. 52, 53, 54.

On January 21, 2014, several Defendants filed a motion to dismiss on the basis of insufficient service of process. Hennessey MTD at 2. The same day, Defendants Suhr, O'Sullivan, and Brin, who apparently concede that they were properly served, filed a separate motion to dismiss for failure to state a claim. Suhr MTD at 2.

**B. Allegations and Claims**

The Amended Complaint includes six "counts," a section titled "Federal Constitutional Claims" containing six additional "counts," a section titled "State Law Claims," and five "causes of action." *Id.* at 3-18. It is somewhat difficult to discern Plaintiff's allegations and claims, but they appear to be as follows.

**i. February 12, 2008 Incident**

On or around February 12, 2008, Plaintiff was on his boat, which was docked on the San Francisco marina. Two police officers, Defendants Manfreda and Buckley, knocked on the top rail of the boat, and when Plaintiff responded, he was handcuffed, arrested, and incarcerated for 48 hours on "felony terrorist threats" with "very little food and hostile jailors." Plaintiff was released from custody without any charges. Plaintiff's boat was impounded for approximately 45 days and returned to him in unseaworthy condition, even though the SFPD was not authorized to impound it. Am. Compl. at 3-4.

Plaintiff appears to assert several causes of action based on the events of February 12, 2008: false arrest, false imprisonment, malicious prosecution, and a 28 U.S.C. § 1983 claim for violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights against Defendants Manfreda and Buckley. Am. Compl. at 13, 15.

**ii. January 16, 2011 Incident**

3

On or around January 16, 2011, Plaintiff was assaulted by an unknown person in Saint Mark's Church in San Francisco. Three police officers (Defendants Lucas, DiBernardi, and Officer #1602) arrived, insulted Plaintiff, threatened him with violence and arrest, beat him, and arrested and detained him in jail for approximately 66 hours. Plaintiff was subsequently released without charges. Am. Compl. at 4-5.

Plaintiff asserts claims for assault, battery, conspiracy, false imprisonment, malicious prosecution, and violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights against Defendants Lucas, DiBernardi, and Officer #1602 based on the January 16, 2011 incident. Am. Compl. at 14, 15.

### iii. May 11, 2011 Incident

On or about May 11, 2011, Plaintiff was walking his dog on the north side of the Mission Creek waterway in San Francisco when he observed a SFPD marine unit vessel, a San Francisco port vessel, and a tow boat seizing Plaintiff's boat. Plaintiff objected to Defendants Greety and Paul, who were the police officers at the scene. The officers tackled and handcuffed Plaintiff, and forced him to walk 200 feet and stand for 90 minutes in public view. Plaintiff's head, back, shoulder, knee, and torso were injured in the incident. The boat was apparently seized and subsequently recovered by Plaintiff. On July 6, 2011, Plaintiff's boat was "deemed a total loss by [a] surveyor . . . and soon thereafter plaintiff donate[d] his vessel to charity." Am. Compl. at 6. Plaintiff alleges that at no time did he "commit any offense in violation of the laws." *Id.* at 7.

Plaintiff asserts claims for assault, battery, false arrest, conspiracy, malicious prosecution, and violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights against Defendants Paul and Greety based on the May 11, 2011 incident. Am. Compl. at 14-15.

### iv. July 2, 2012 Incident

On or about July 2, 2012, Plaintiff was seated in his car on the south side of Channel Street in San Francisco when he was approached by a police officer (Defendant Paul), who repeatedly demanded Plaintiff's identification. Am. Compl. at 7. When Plaintiff complied, Defendant Paul handcuffed Plaintiff and ordered him to sit in the street in public view. Plaintiff was subsequently detained for 42 hours in jail, which caused his car to be seized and impounded. Am. Compl. at 7-8.

4

Plaintiff asserts claims for assault, battery, false arrest, conspiracy, malicious prosecution, and violation of Plaintiff's Fourth and Fourteenth Amendment rights against Defendant Paul based on the July 2, 2012 incident. Am. Compl. at 14-15.

### v. July and August 2012 Incidents at 850 Bryant Street

On or about July 3, 2012, Plaintiff walked into the Hall of Justice at 850 Bryant Street in San Francisco to request the paperwork necessary to regain possession of his car. Plaintiff alleges that a clerk of San Francisco county court (Defendant John Doe 1) falsified a police report requiring Plaintiff to pay a $886.75 fee for the towing and impoundment of the car. Plaintiff paid the fee. Am. Compl. at 8.

Plaintiff asserts claims for assault, battery, forgery, "conspiratorial prosecution," and violation of Plaintiff's Fifth and Fourteenth Amendment due process rights against Defendant John Doe 1 based on the July 3, 2012 incident. Am. Compl. at 9, 14-15.

On or about July 17, 2012, Plaintiff was at 850 Bryant Street again to request paperwork to begin an appeal process regarding the towing and impoundment of his car. According to Plaintiff, Defendant John Doe 1 walked out from behind a partitioned area and began violently attacking Plaintiff from behind. Plaintiff alleges that he was threatened with arrest and physical injury and insulted until Defendant John Doe 1 and other unidentified individuals pushed Plaintiff out of the building. Am. Compl. at 8-9.

On or about August 10, 2012, at approximately 3 p.m., Plaintiff attempted to enter 850 Bryant Street to go to Room 154.[4] He was intercepted by a San Francisco deputy sheriff (Defendant John Doe 2), who denied him entrance to the building. On or about August 29, 2012, around 3 p.m., Plaintiff again attempted to enter 850 Bryant Street and was stopped by a different San Francisco deputy sheriff (Defendant John Doe 3). Plaintiff stated that he was "going to room 154 to appeal the tow fees of my automobile" but was nonetheless denied access to the building. Am. Compl. at 10.

---

[4] One of the documents submitted by Plaintiff in his opposition to the City MTD appears to be a receipt from the towing company. *See* Docket No. 34 at 20. That receipt states that "by law you can protest a city and county of San Francisco tow. You must request a hearing within 30 days from the date of tow . . . . [For] tows related to a crime: go to the Hall of Justice, 850 Bryant Street, Room 154 between 9 a.m. and 3 p.m., Monday through Friday . . . ." *Id.*

Plaintiff asserts claims for assault, malicious prosecution, conspiracy, and violation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights against Defendants John Does 2 and 3 based on the events of July 17 and August 10 and 29, 2013.  Am. Compl. at 10, 15.

### vii. Supervisory Liability Claims

Plaintiff also brings supervisory liability claims against Defendants Suhr (Chief of Police), O'Sullivan (a police commander), Hennessey (a sherriff), and Brin (an undersheriff) for failing to take preventative or remedial measures to guard against the conduct of the Defendant police officers. Am. Compl. at 11-12.

### viii. Allegations Against the City and SFPD

Although the City and the SFPD are both named as Defendants, the Amended Complaint does not specifically allege any causes of action against either.  However, the Amended Complaint does allege that "the conduct of the individual defendants were [sic] directly and proximately caused by the actions and/or inactions of defendants, City of San Francisco, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of: a. The legal cause to stop, detain, arrest, and criminally charge a citizen; b. The use of force by police officers; c. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges; d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers; e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct; f. Police officers use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties; g. The failure of police officers to follow established polices . . . regarding arrests, the use of force, and the institution of criminal charges . . . .; h. The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other San Francisco police officers; and [t]he practice of San Francisco police officers instituting false charges against individuals whom the officers have subjected to unlawful force . . . ." Am. Compl. at 12-13.

6

## II. LEGAL STANDARD

### A. Motion to Dismiss For Insufficient Service of Process

Rule 12(b) (5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). The court does not have jurisdiction over a defendant who has not been properly served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.") (citations omitted). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004). "If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action." *Rudolph v. UT Starcom, Inc.*, C 07-04578 SI, 2009 WL 248370, at *1 (N.D. Cal. Feb. 2, 2009) (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

### B. Motion to Dismiss For Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must

demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Since *Twombly,* the Supreme Court has reaffirmed that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir.2010) (citing *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam)).  While the pleading standard may be higher after *Twombly* and *Iqbal*, the courts' "obligation" remains, such that "where the petitioner is *pro se,* particularly in civil rights cases," the court must "construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Id.* (citations omitted).

"[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689(citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

**A. Claims Against Defendants Hennessey, Paul, Manfreda, Buckley, Lucas, DiBernardi, Officer #1602, and Greety**

Defendants Hennessey, Paul, Manfreda, Buckley, Lucas, DiBernardi, Officer #1602, and Greety argue that service of process was insufficient, and move the court pursuant to Federal Rule of Civil Procedure 12(b)(5) to dismiss claims against those Defendants for lack of jurisdiction.

On January 7, 2014, Michael Murawski, acting as Plaintiff's process server, left copies of the Summons and Amended Complaint for Defendants Hennessey and Brin at Room 456 of San Francisco City Hall with an unidentified individual.  *See* Docket No. 54.  The proof of service

8

1  subsequently filed by Plaintiff states that the person who received service was "S.F.P.D. Officer Mr.
2  _____." *Id.* Defendants believe this unidentified individual was a person named Bill Fein.
3  Hennessey MTD at 4. According to Fein, who is employed by the City as the Executive Secretary of
4  the San Francisco Sheriff's Department, he took possession of the documents and forwarded them to
5  counsel for the Sheriff's Department, who then forwarded the documents to the San Francisco City
6  Attorney's Office. Fein Decl. [Docket No. 58-2] ¶¶ 1, 3. At the time, Fein was authorized to accept
7  service of process only on behalf of Defendant Brin, not on Defendant Hennessey, because
8  Hennessey had left his office as Sheriff of the City on March 4, 2013. *Id.* at ¶¶ 4-5.
9      Also on January 7, 2014, Plaintiff's process server attempted to serve Defendants Suhr,
10 O'Sullivan, Paul, Manfreda, Buckley, Lucas, Di Bernardi, Officer #1602, and Greety by leaving
11 copies of the Summons and Amended Complaint with an unidentified individual at the SFPD Legal
12 Department at 850 Bryant Street in San Francisco. *See* Docket No. 54. The proof of service
13 subsequently filed by Plaintiff states that the person who received service was "S.F.P.D. Officer Ms.
14 _____." *Id.* Defendants believe that the unidentified individual was Officer Lara Fuentes.
15 Hennessey MTD at 4. According to Fuentes, she told Murawski that she was not authorized to accept
16 service of process on behalf of Defendants Paul, Manfreda, Buckley, Lucas, Di Bernardi, Officer
17 #1602, or Greety because those individuals must be served at their regular place of business, i.e. the
18 stations at which they work. Fuentes Decl. [Docket No. 58-1] ¶ 3. At the time, Fuentes was
19 authorized only to accept service on behalf of Defendant Suhr (who was and still is the SFPD Chief
20 of Police) and Defendant O'Sullivan (who was Commander). *Id.* at ¶ 4.
21     Defendants Hennessey, Paul, Manfreda, Buckley, Lucas, Di Bernardi, Officer #1602, and
22 Greety are individuals. "[A]n individual—other than a minor, an incompetent person, or a person
23 whose waiver has been filed—may be served in a judicial district of the United States by: (1)
24 following state law for serving a summons in an action brought in courts of general jurisdiction in the
25 state where the district court is located or where service is made; or (2) doing any of the following:
26 (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a
27 copy of each at the individual's dwelling or usual place of abode with someone of suitable age and
28 discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment

or by law to receive service of process." Fed. R. Civ. P. 4(e).  California law provides several methods through which service may be effectuated against an individual defendant: (1) personal delivery to the person to be served, (2) leaving a copy of the summons and complaint during usual office hours in the individual's office; or (3) in certain circumstances, substitute service, i.e. delivering copies of the summons and complaint to someone other than the defendant and thereafter mailing additional copies to the defendant.  *See* Cal. Code Civ. Proc. §§ 415.10-415.30.

The method by which Plaintiff attempted to serve Defendants Hennessey, Paul, Manfreda, Buckley, Lucas, Di Bernardi, Officer #1602, and Greety appears to be improper under Rule 4(e) and California rules of service.  Because Plaintiff presents no argument to the contrary, he has not met his burden of establishing valid service of process.  The court, in the order extending the time for Plaintiff to serve all Defendants, noted that the undersigned had already referred Plaintiff to resources available to *pro se* plaintiffs, including this court's Legal Help Center, and that "Plaintiff indicated he was aware of these resources." Docket No. 50 at 2.  The January 10, 2014 deadline that the court set for Plaintiff to serve all Defendants was four months (128 days) after Plaintiff filed his amended complaint, nearly nine months after the City removed the case to federal court, and more than ten months after Plaintiff initially filed this lawsuit in state court.  Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Having already extended the time for service and pointed Plaintiff to resources to assist him, the court determines that Plaintiff has not shown good cause for his failure to serve Defendants Hennessey, Paul, Manfreda, Buckley, Lucas, Di Bernardi, Officer #1602, and Greety.  Therefore, all claims against those Defendants are dismissed without prejudice.

**B.  Claims Against the City and SFPD**

As previously stated, the Amended Complaint does not specifically allege any cause of action against the City or the SFPD.  However, Plaintiff does allege that the acts or omissions by Defendants were "directly and proximately caused by the actions and/or inactions of defendants, City of San

10

Francisco, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the . . . policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline" regarding various subject matters, such as the "proper exercise of police powers" and "the failure to identify and take remedial . . . action against police officers who were the subject of prior civilian or internal complaints." Am. Compl. at 12-13.

To the extent the Amended Complaint can be construed as asserting excessive force claims against the City or the SFPD, those claims are dismissed with prejudice, because neither a municipality nor its agency can be held liable under Section 1983 on a respondeat superior theory for the torts allegedly committed by its employees. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694-95 (1978); *Shaw v. State of California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 610 (9th Cir. 1986) ("Municipalities, their agencies, and their supervisory personnel cannot be held liable under section 1983 on a theory of *respondeat superior*.").

It is also possible to construe the allegations as attempting to assert Section 1983 claims against the City and the SFPD on a theory of municipal liability. In order to state such a claim, Plaintiff must show that a City policy, practice, or custom caused the violation of his rights. *Monell*, 436 at 690; *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("[P]laintiffs must establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered.") (citations omitted).

Plaintiff's allegations are little more than conclusory. Bare allegations that government officials' conduct conformed to some unidentified government policy, previously acceptable in the Ninth Circuit, are no longer sufficient to plead a claim for municipal liability. *AE*, 666 F.3d at 637 (holding that allegations meeting previous pleading standard for municipal liability claims against local governments, which required the plaintiff "to set forth no more than a bare allegation that government officials' conduct conformed to some unidentified government policy or custom," were no longer sufficient to state a claim after *Twombly* and *Iqbal*). Plaintiff's allegations do not describe the alleged policies. Plaintiff's broad charges are insufficient to give fair notice to Defendants about the specific basis for municipal liability, such that Defendants could defend themselves. *See AE*, 666 F.3d at 637 (plaintiff failed to state a claim for *Monell* liability against defendant county by alleging

11

that defendants performed all acts and omissions regarding plaintiff's foster care placement and supervision "under the ordinances, regulations, customs, and practices of" the county and that the defendants "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs [alleged]"); *Brown v. Contra Costa Cnty.*, Case No. 12-cv-1923 PJH, 2012 WL 4804862 (N.D. Cal. Oct. 9, 2012) (plaintiff failed to state municipal liability claim where he alleged only that the actions of the individual defendants (1) were caused by customs or practices of the District Attorney's Office; (2) were caused by deliberate indifference of the District Attorney's Office; and/or (3) were ratified by final decision-makers of the District Attorney's Office).

Plaintiff has thus failed to state municipal liability claims against the City or the SFPD. Because the Amended Complaint appears to assert no other claims against the City or the SFPD, the City's motion to dismiss these Defendants is granted. Plaintiff may amend his complaint to restate his municipal liability claims against the City and the SFPD only to the extent he is able to allege additional facts specifically identifying the policy, practice or custom that was the moving force behind the constitutional violation that he alleges to have suffered.

## C. Claims Against Defendants Suhr, O'Sullivan, and Brin

The Amended Complaint does not allege that Defendants Suhr, O'Sullivan, or Brin committed any acts or omissions relating to the incidents described above. Instead, Plaintiff's theory of liability against these Defendants appears to be that they are liable for the actions of the other Defendants because they failed to properly train, instruct, supervise, and discipline those Defendants. *See* Am. Compl. at 11.

### i. Supervisory Liability Under 42 U.S.C. § 1983

Supervisors may not be held liable under Section 1983 for the unconstitutional actions of their subordinates based solely on a theory of respondeat superior. *Moss v. U.S. Secret Serv.*, 675 F.3d 1213, 1230 (9th Cir. 2012) *amended,* 711 F.3d 941 (9th Cir. 2013) (citing *Iqbal,* 556 U.S. at 676). Instead, the Ninth Circuit has summarized the circumstances under which supervisors may be held liable under Section 1983 as follows:

> (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a "reckless or callous indifference to the rights of others."

*Id.*, 675 F.3d at 1231 (citation omitted).

The allegations are inadequate to establish that any of these circumstances apply here. All allegations that Defendants Suhr, O'Sullivan, and Brin played a role in any of the events described in the Amended Complaint are conclusory; none is supported by sufficient—or, for that matter, any—factual content that would allow it to meet the pleading standard articulated in *Iqbal*. *See generally* Am. Compl. at 11-12.

Accordingly, the Section 1983 claims against these Defendants are dismissed. Plaintiff may amend his complaint to restate these claims only to the extent that he is able to allege additional facts specifically connecting these Defendants to the incidents described in the complaint.

### ii. Supervisory Liability Under California Law

Plaintiff's state law claims against Suhr, O'Sullivan, and Brin are time-barred because Plaintiff has failed to allege that he has complied with the claims presentation requirements of the California Tort Claims Act, Cal. Gov. Code § 900 *et seq. See also City of Stockton v. Super. Ct.,* 42 Cal. 4th 730, 737-38 (2007).

Under that law, a person seeking money or damages from California public entities may not file suit against that entity alleging tort claims before first presenting his claims to the public entity, and the public entity either acts on the claim or is deemed to have rejected it, except under certain exceptions inapplicable here. Cal. Gov. Code § 945.4; *State of Cal. v. Superior Ct. (Bodde),* 32 Cal.4th 1234, 1239 (2004). A government claim for a personal injury must be presented to the public entity within six months of accrual; a claim for any other cause of action must be presented within a year. Cal. Gov. Code § 911.2(a); *Bodde,* 32 Cal.4th at 1239. Any lawsuits based on the same allegations as in the government claim must be filed within six months of the date of the rejection of the government claim. Cal. Gov. Code § 945.6. *See also Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007) ("The deadline for filing a lawsuit against a public entity, as set out in the government claims statute, is a true statute of limitations defining the time in which, after a claim

presented to the government has been rejected or deemed rejected, the plaintiff must file a complaint alleging a cause of action based on the facts set out in the denied claim.") (citations omitted).

The requirements of Cal. Gov. Code § 900 *et seq.* apply to suits against public *employees* as well as to public entities. *Massa v. S. Cal. Rapid Transit Dist.*, 43 Cal. App. 4th 1217, 1222-23, 51 Cal. Rptr. 2d 164, 167-68 (1996) ("[P]rior to bringing an action against a public employee, the plaintiff must comply with Government Code section 900 *et seq.* . . . . [T]he same statute of limitations bar to suits against a government employee for conduct within the course and scope of employment . . . applies to suits against the employing entity on the theory of respondeat superior culpability based on the employee's negligence.") (citation omitted); Cal. Gov. Code § 950.6 (requiring that a written claim for money or damages for injury be presented to the employing public entity as a prerequisite to suing the agency or any of its employees who are claimed to have acted within their official capacity).

Plaintiff does not dispute that his claims against Defendants Suhr, O'Sullivan, and Brin are premised on actions or omissions committed by them while they were acting in the scope of their employment as public employees. As such, Plaintiff was required to file his civil action within six months after his claims were rejected by the relevant public entity. Documents submitted to this court by the City show that Plaintiff filed a government claim on May 24, 2011 based on the May 11, 2011 incident; that claim was denied on July 19, 2011.[5] This lawsuit was filed nearly two years after the denial of that claim, long after the statutory deadline. Plaintiff's state law claims against Defendants Suhr, O'Sullivan, and Brin arising from the May 11, 2011 incident are therefore dismissed without leave to amend. There is no other information in the record before this court regarding whether Plaintiff filed any other government claims, and thus the state law claims against

---

[5] *See* Request for Judicial Notice ("RJN") [Docket No. 28] Exs. A, B. The court grants the request for judicial notice because they are copies of documents reflecting official acts of the City and County of San Francisco and the authenticity of each of these documents is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

Defendants Suhr, O'Sullivan, and Brin premised on the other incidents alleged are dismissed. Plaintiff may amend these claims if he can state that he timely made the relevant government claim.[6]

## IV.  CONCLUSION

For the foregoing reasons, Defendants' three motions to dismiss (Docket Nos. 26, 58, and 59) are **granted**.  In sum, the court orders as follows:

- All claims against Defendants Hennessey, Paul, Manfreda, Buckley, Lucas, Di Bernardi, Officer #1602 and Greety are dismissed without prejudice and without leave to amend, as a result of Plaintiff's insufficient service of process.

- All claims against the City and SFPD are dismissed with leave to amend.  Plaintiff may amend his complaint to restate his municipal liability claims against the City and the SFPD only to the extent he is able to allege additional facts specifically identifying the policy, practice or custom that was the moving force behind the constitutional violation that he alleges to have suffered.

- All of the Section 1983 claims against Defendants Suhr, O'Sullivan, and Brin are dismissed with leave to amend.  Plaintiff may amend his complaint to restate these claims only to the extent that he is able to allege additional facts specifically connecting these Defendants to the incidents described in the complaint.

- The state law claims against Defendants Suhr, O'Sullivan, and Brin premised on the May 11, 2011 incident are dismissed with prejudice and without leave to amend.

- The state law claims against Defendants Suhr, O'Sullivan, and Brin premised on the other incidents alleged are dismissed with leave to amend.  Plaintiff may amend these claims if he can state that he timely made the relevant government claim.

Plaintiff's motion to rescind his consent to magistrate jurisdiction (Docket No. 70) is **denied**. Because the court reaches this result, Plaintiff's motion for summary judgment (Docket No. 71) is **denied as moot.**

The second amended complaint, if any, must be filed by **May 9, 2014.**

IT IS SO ORDERED.

Dated:  April 18, 2014

DONNA M. RYU
United States Magistrate Judge

---

[6] Because the court finds that Plaintiff's state law claims are time-barred by his failure to allege that he has met the presentation requirements of California Government Code § 900 *et seq.*, it declines to reach Defendants' other arguments for dismissal, namely whether supervision and training are discretionary decisions from which public employees are immune from liability, and whether public entities have any duties under California law with regard to police training.