United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEON MAROTZ,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>CITY OF SAN FRANCISCO ET AL,<br><br>　　　　Defendant(s).<br>_____/ | No. C-13-01677 DMR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT [DOCKET NO. 92]** |

On April 18, 2014, the court dismissed all claims in Plaintiff's Amended Complaint but granted Plaintiff leave to amend his complaint to restate certain claims to the extent Plaintiff could address the deficiencies noted in the order. *See* April 18 Order [Docket No. 85] at 15. On May 5, 2014, Plaintiff filed a Second Amended Complaint ("SAC"). [Docket No. 91.]

Now before the court is a motion to dismiss the SAC brought by the remaining Defendants, the City and County of San Francisco (the "City"), Police Chief Greg Suhr, Commander Robert O'Sullivan, and Undersheriff Ellen Brin. [Docket No. 92.] The court finds that the motion is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the motion is **granted**.[1]

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff consented but has not served all the defendants, and all defendants who have been served have consented, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D.

## I. BACKGROUND

The factual allegations of the Amended Complaint were summarized at length in the April 18, 2014 Order. *See* April 18 Order at 3-6. In brief, Plaintiff alleges that he encountered police officers (Defendants Manfreda, Buckley, Lucas, DiBernardi, Paul, and Greety) during several occasions between February 2008 and July 2012. During those occasions, he was handcuffed, arrested, detained, and/or injured by the police, and his boat and car were illegally seized. *Id.*; *see also* Am. Compl. [Docket No. 24] at 3-18. Plaintiff also alleges that he was mistreated by employees at the San Francisco Hall of Justice several times in July and August 2012 when he went to request paperwork regarding the impoundment of his car. Am. Compl. at 8-10, 14-15.

The SAC essentially restates the allegations in the Amended Complaint, with certain differences noted below where relevant. The Defendants named in the SAC are the City, San Francisco Police Department ("SFPD"), Suhr, O'Sullivan, Brin, Manfreda, Buckley, Lucas, DiBernardi, Paul, and Greety.

## II. DISCUSSION

**A. Defendants Manfreda, Buckley, Lucas, DiBernardi, Paul, and Greety**

In the April 18, 2014 order, the court found that Plaintiff had failed to properly serve Defendants Manfreda, Buckley, Lucas, DiBernardi, Paul, and Greety. The procedural history leading to this decision is summarized in that order. *See* April 18 Order at 2-3, 8-10. In brief, Plaintiff filed this lawsuit on March 4, 2013, and subsequently served the complaint on only the City. *Id.* at 2. On November 25, 2013, after the City filed a motion to dismiss all claims against all Defendants, the court issued an order to show cause requiring Plaintiff to explain why the case should not be dismissed against the individual Defendants because they had not been properly served. [Docket No. 40.] After receiving Plaintiff's response, the court granted Plaintiff additional time, until January 10, 2014, to serve those Defendants. [Docket No. 50.] The court noted that it had already referred

---

Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

2

Plaintiff to resources available to *pro se* plaintiffs, including this court's Legal Help Center, and that "Plaintiff indicated he was aware of these resources." *Id.* Subsequently, Plaintiff attempted to effectuate proper service. *See* Docket Nos. 52, 53, 54. Nonetheless, service upon those Defendants remained deficient, and the court dismissed all claims against Defendants Manfreda, Buckley, Lucas, DiBernardi, Paul, and Greety without leave to amend. April 18 Order at 10. Thus, Plaintiff's attempts to reallege claims against Defendants Manfreda, Buckley, Lucas, DiBernardi, Paul, and Greety in the SAC are inappropriate, and the motion to dismiss these claims is granted.

**B.  Defendants City and SFPD**

In the April 18, 2014 order, the court noted that the Amended Complaint "does not specifically allege any cause of action against the City or the SFPD" but "instead allege[s] that the acts or omissions by [the other] Defendants were 'directly and proximately caused by the actions and/or inactions of defendants, City of San Francisco, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the . . . policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline' regarding various subject matters, such as the 'proper exercise of police powers' and 'the failure to identify and take remedial . . . action against police officers who were the subject of prior civilian or internal complaints.'" April 18 Order at 10-11 (quoting Am. Compl. at 12-13).

The court found that it was "possible to construe the allegations as attempting to assert Section 1983 claims against the City and the SFPD on a theory of municipal liability." Docket No. 85 at 10-11. In order to state such a claim, Plaintiff must show that a City policy, practice, or custom caused the violation of his rights. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978); *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("[P]laintiffs must establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered.") (citations omitted). However, the court held that "Plaintiff's allegations are little more than conclusory" and that bare allegations that government officials' conduct conformed to some unidentified government policy were insufficient to plead a claim for municipal liability. The court therefore dismissed the City and SFPD, but granted Plaintiff leave to amend his complaint to restate his municipal liability claims against the

3

City and the SFPD "only to the extent he is able to allege additional facts specifically identifying the policy, practice or custom that was the moving force behind the constitutional violation that he alleges to have suffered." April 18 Order at 12.

The SAC fails to allege additional facts specifically identifying any such policy, practice or custom. There are allegations that "as a direct result of the conduct of . . . [the] City of San Francisco [and] San Francisco Police Department," Plaintiff suffered the injuries allegedly inflicted by Manfreda, Buckley, Lucas, DiBernardi, Paul, Greety, and/or the employees at the Hall of Justice. *See, e.g.*, SAC at 4, 7, 9, 11-13. These allegations are slight rephrasings of the conclusory allegations in the Amended Complaint. *Compare* Am. Compl. at 12-13. However, as before, simply alleging that the City and SFPD's actions caused Plaintiff's injuries is insufficient to state the specific policies, practices, or customs that caused Plaintiff's injuries. The SAC also alleges that "Defendants City of San Francisco and [] the San Francisco Police Department . . . failed to take any preventive measures to guard against the repeated malicious and unlawful actions against Plaintiff," and lists several "systemic [deficiencies]" of the SFPD. *Id.* at 6, 21-22. These allegations, which were also made in the Amended Complaint, *see* Am. Compl. at 12-13, remain conclusory and insufficient to meet the pleading requirements for a Section 1983 municipal liability claim under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *AE*.

Accordingly, all claims against the City and SFPD are dismissed without leave to amend.

**C. Defendants Suhr, O'Sullivan, and Brin**

    **1. Federal Claim**

In the April 18, 2014 order, the court noted that the Amended Complaint did not allege that Defendants Suhr, O'Sullivan, or Brin committed any acts or omissions relating to the incidents described above. Instead, Plaintiff's theory of liability against these Defendants appeared to be that those Defendants were liable for the actions of the other Defendants because they failed to properly train, instruct, supervise, and discipline those Defendants.

Supervisors may not be held liable under Section 1983 for the unconstitutional actions of their subordinates based solely on a theory of respondeat superior, but may be liable "(1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others,

4

which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others." *Moss v. U.S. Secret Serv.*, 675 F.3d 1213, 1230-31 (9th Cir. 2012) *amended,* 711 F.3d 941 (9th Cir. 2013) (citing *Iqbal,* 556 U.S. at 676).

The Amended Complaint alleged that Suhr, O'Sullivan, and Brin (1) "failed to take any preventive or remedial measures to guard against the conduct of the other Defendant officers"; (2) failed to train, instruct, supervise, and discipline the Defendant officers"; (3) "participated, directly or indirectly, in the repeated detention, unlawful arrest, [and] false imprisonment [of Plaintiff]; and "had knowledge of the widespread and pervasive policy, custom, practice, and usage against the poor and disabled persons . . . ." Am. Compl. at 11-12; April 18 Order at 6. The court found that these allegations in the Amended Complaint were "inadequate to establish that any of these circumstances apply here. All allegations that Defendants Suhr, O'Sullivan, and Brin played a role in any of the events described in the Amended Complaint are conclusory; none is supported by sufficient—or, for that matter, any—factual content that would allow it to meet the pleading standard articulated in *Iqbal.*" *Id.* at 13. The court then dismissed the Section 1983 claims against Suhr, O'Sullivan and Brin and granted Plaintiff leave to restate these claims "only to the extent that he is able to allege additional facts specifically connecting these Defendants to the incidents described in the complaint." *Id.*

The SAC repeats the allegations against Suhr and O'Sullivan[2] that were in the Amended Complaint: namely, that they failed to take preventative or remedial measures to guard against the conduct of the Defendant police officers. *See* SAC at 9-11, 13-15, 17-19. The SAC also alleges that Plaintiff's injuries are "a direct result of the conduct" or "supervisory directives" of Suhr, O'Sullivan, and/or Brin. *See, e.g.*, SAC at 4, 7, 9, 11-13. These allegations remain insufficient to

---

[2] The SAC does not include specific allegations against Defendant Brin in the section entitled "Supervisory Liability of Defendants Under § 1983," and appears to have omitted almost all allegations of supervisory liability against Defendant Brin except in two brief statements. *See* SAC at 16 ("supervisory directives by . . . undersheriff Ellen Brin" caused employees at the Hall of Justice to mistreat Plaintiff); 17 (listing Brin under the section entitled "Supervisory Liability of Defendants Under § 1983" but not making any further allegations against her).

specifically connect Suhr, O'Sullivan, and Brin to the incidents forming the basis of Plaintiff's complaint.

Accordingly, the Section 1983 supervisory liability claims against Suhr, O'Sullivan, and Brin are dismissed without leave to amend.

**2. State Law Claims**

The Amended Complaint also included state law claims against Suhr, O'Sullivan, and Brin. The court dismissed these claims because Plaintiff failed to allege that he had complied with the claims presentation requirements of the California Tort Claims Act, Cal. Gov. Code § 900 *et seq.* April 18 Order at 13-14. Under that law, Plaintiff was required to first present his claims to the relevant public entity, and then file this lawsuit within six months after his claims were rejected. The court found that documents submitted by the City showed Plaintiff had missed the statutory deadline for filing claims based on the events of May 11, 2011, and thus dismissed state law claims against Defendants Suhr, O'Sullivan, and Brin premised on those events without leave to amend. The court also found that there was "no other information in the record before this court regarding whether Plaintiff filed any other government claims, and thus the state law claims against Defendants Suhr, O'Sullivan, and Brin premised on the other incidents alleged are dismissed [with leave to amend] if [Plaintiff] can state that he timely made the relevant government claim." *Id.* at 14-15.

The SAC does not include any allegation that Plaintiff timely made the government claims noted in the April 18, 2014 Order. Because Plaintiff has already had an opportunity to amend his allegations to address this deficiency but failed to do so, all of Plaintiff's state law claims against Defendants Suhr, O'Sullivan, and Brin are dismissed without leave to amend.

//
//
//
//
//
//

## IV. CONCLUSION

For the reasons stated above, the SAC fails to cure the deficiencies noted by this court in its April 18, 2014 order. Defendants' motion to dismiss is therefore **granted**. Because Plaintiff has amended his complaint twice and has nonetheless failed to state a viable claim, all claims in the SAC are dismissed without leave to amend; therefore, the court orders that this case be closed.

IT IS SO ORDERED.

Dated: June 17, 2014

DONNA M. RYU
United States Magistrate Judge

7